IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

GARY GINKINGER,
and others similarly situated,

    Plaintiffs,

v.                                                             C.A. No.: 7:22-cv-4
                                                                  **COLLECTIVE ACTION**

PERMIAN DUST STORM HAULERS, LLC,
and GILBERT SAENZ,

    Defendants.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, GARY GINKINGER (hereinafter sometimes referred to as "Plaintiff"), and others similarly situated, by and through his undersigned counsel, hereby sues Defendants, PERMIAN DUST STORM HAULERS, LLC, and GILBERT SAENZ (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

### **INTRODUCTION**

1. This is a collective action by Plaintiff, and others similarly situated, against their employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* Plaintiff seeks damages for unpaid overtime, liquidated damages, injunctive relief, declaratory relief, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, PERMIAN DUST STORM HAULERS, LLC, has offices located in Midland, Texas.

## THE PARTIES

4. Plaintiff is an individual residing in Mitchell County, Texas.

5. Plaintiff was at all times material employed by Defendants from July 12, 2021, through October 4, 2021, as a truck driver in Midland, Texas.

6. Defendant, GILBERT SAENZ, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, PERMIAN DUST STORM HAULERS, LLC, in relationship to Plaintiff, and others similarly situated. Defendants are joint employers as defined by 29 U.S.C. § 203(d).

7. Defendant, GILBERT SAENZ, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained

employment records.

8. Defendant, PERMIAN DUST STORM HAULERS, LLC, is a limited liability company and existing under the laws of the State of Texas and maintains offices in Midland, Texas.

9. Defendant, PERMIAN DUST STORM HAULERS, LLC, operates a trucking company primarily engaged in the transportation of fracking sand throughout the state of Texas and is an employer as defined by 29 U.S.C. § 203(d).

10. Defendants, PERMIAN DUST STORM HAULERS, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

11. At all times material to this complaint, Defendant, PERMIAN DUST STORM HAULERS, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

12. At all times material to this complaint, Defendant, PERMIAN DUST STORM HAULERS, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

13. At all times material to this Complaint, Defendants, PERMIAN DUST STORM HAULERS, LLC and GILBERT SAENZ were the employers of the

Plaintiff and others similarly situated, and, as a matter of economic reality, Plaintiff and others similarly situated were dependent upon Defendants for their employment.

14. Additionally, Plaintiff and others similarly situated were individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendants' business activities. Specifically, Plaintiff, and others similarly situated, worked as a truck drivers hauling fracking sand utilized in the production of oil for interstate commerce.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

15. Throughout the employment of Plaintiff and others similarly situated, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff and others similarly situated at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 in a workweek.

16. Specifically, Plaintiff and all others similarly situated have worked numerous weeks in excess of forty hours per workweek, and were not compensated for all work in excess of 40 hours at a rate not less than one and one-half times the regular rates at which they were employed.

17. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

ALL CURRENT OR FORMER EMPLOYEES OF PERMIAN DUST

STORM HAULERS, LLC, WHO WERE EMPLOYED AS TRUCK DRIVERS AND WERE NOT COMPENSATED FOR ALL WORK IN EXCESS OF 40 HOURS IN ANY WORKWEEK AT A RATE NOT LESS THAN ONE AND ONE-HALF OF THEIR REGULAR RATE FOR ALL OVERTIME HOURS WORKED FOR THE PAST THREE YEARS.

18. This action is properly brought as a collective action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable.

   b. Numerous questions of law and fact regarding the liability of PERMIAN DUST STORM HAULERS, LLC, and GILBERT SAENZ, are common to the Class and predominate over any individual issues which may exist.

   c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from PERMIAN DUST STORM HAULERS, LLC's own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

   d. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

   e. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for PERMIAN DUST STORM HAULERS, LLC, and GILBERT SAENZ

   f. The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or

substantially impair or impede their ability to protect their interests.

g. PERMIAN DUST STORM HAULERS, LLC, and GILBERT SAENZ, acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

19. For the foregoing reasons, Plaintiff shall seek an order from this Court authorizing Plaintiff to issue class notification of this action as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff. Class notice of this opt-in collective is appropriate because Plaintiff's claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendants' common practice, policy or plan regarding employee wages and hours.

20. In addition to the named Plaintiff, numerous employees and former employees of Defendants are similarly situated to Plaintiff in that they have been denied overtime compensation while employed by Defendants.

21. Plaintiff estimates that there are approximately 100 putative class members

22. Plaintiff and all others similarly situated primarily worked from 12 to 15 hours per day, with a few exceptions, and held the position of truck driver, delivering materials utilized in the production of oil for interstate commerce, and were not paid overtime for their work in excess of 40 hours per workweek.

23. Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

24. Defendants either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

25. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

26. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

27. As a result of Defendants' unlawful conduct, Plaintiff and all others similarly situated are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

28. Plaintiff and all others similarly situated are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, GARY GINKINGER, and all others similarly situated, demand Judgment against Defendants, PERMIAN DUST STORM HAULERS, LLC, and GILBERT SAENZ, jointly and severally, for the following:

a. Determining that the action is properly maintained as or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

b. Determine, based on all available evidence, whether and to whom the opt-in notice should be distributed;

c. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

d. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

e. Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

f. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, GARY GINKINGER, and others similarly situated, demands a jury trial on all issues so triable.

Respectfully submitted, December 2, 2021.

                               **ROSS • SCALISE LAW GROUP**
                               1104 San Antonio Street
                               Austin, Texas 78701
                               (512) 474-7677 Telephone
                               (512) 474-5306 Facsimile
                               Charles@rosslawpc.com

                               */s/ Charles L. Scalise*

                               **CHARLES L. SCALISE**
                               Texas Bar No. 24064621
                               **DANIEL B. ROSS**
                               Texas Bar No. 789810
                               **ATTORNEYS FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

GARY GINKINGER,
and others similarly situated,

    Plaintiffs,

v.

PERMIAN DUST STORM HAULERS, LLC,
and GILBERT SAENZ,

    Defendants.
_____/

C.A. No.: 7:22-cv-4
**COLLECTIVE ACTION**

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf by the above representative Plaintiff and designate the class representative as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_/s/_
_____
GARY GINKINGER

Gary Ginkinger
_____
NAME (PRINTED)